# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **DEPARTMENT OF LABOR,** *ex rel.,* **BENJAMIN HART,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **C.A. No. N18C-07-113 FWW** |
| **v.** | ) ) ) | |
| **SITE WORK SAFETY SUPPLIES, INC.** and **PETER COKER,** Individually, | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

Submitted: October 21, 2019
Decided: January 31, 2020

*Upon Defendant's Motion for Partial Summary Judgment:*
**GRANTED.**

## ORDER

Oliver J. Cleary, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, 6th Floor, Wilmington, DE 19801; Attorney for Plaintiff Department of Labor.

Site Work Safety Supplies, Inc. and Peter Coker, 4020 Seven Hickories Road, Dover, DE 19904; Defendants.

**WHARTON, J.**

This 31st day of January, 2020, upon consideration of Plaintiff Department of Labor's ("DOL") Motion for Partial Summary Judgment[1] and Defendants Site Work Safety Supplies, Inc. ("Site Work") and Peter Coker's ("Coker") Response,[2] it appears to the Court that:

1. DOL brought this action on behalf Benjamin Hart ("Hart"), asserting violations of the Wage Payment and Collection Act, specifically 19 *Del. C.* § 1102, for non-payment of wages owing to Hart, and 19 *Del. C.* § 1108(1) for failing to notify Hart in writing, at the time of hiring of the rate of pay and of the day, hour and place of employment.[3] Site Work is alleged to be Hart's employer and Coker is alleged to be an officer and registered agent of Site Work.[4] The Complaint seeks unpaid wages and liquidated damages for Hart, civil penalties for DOL, and attorney's fees.[5]

2. DOL has moved for partial summary judgment against both defendants on its allegations of violations of 19 *Del. C.* § 1108.[6] Specifically DOL believes that it is entitled to summary judgment pursuant to 19 *Del. C.* § 1108(1) on its claim that the defendants failed to provide a written statement showing wages due.[7] DOL also

---

[1] D.I. 26.
[2] D.I. 32.
[3] D.I. 1.
[4] *Id.*
[5] *Id.*
[6] D.I. 26.
[7] *Id.*

claims it is entitled to summary judgment under 19 *Del. C.* § 1108(6) because the defendants failed to produce requested wage and hour records in discovery.[8] DOL seeks $10,000 in civil penalties for these violations.[9] DOL acknowledges that a factual dispute exists as to the amount of unpaid wages.[10]

3.      Site Work and Coker submitted a joint response though counsel.[11] Subsequently, counsel was permitted to withdraw.[12] In their response, Site Work and Coker acknowledge that they "do not have any evidence at this time to refute Plaintiff's allegations as set forth under 19 *Del. C.* § 1108(1)."[13] They also respond that, "The parties agree and stipulate Plaintiff will rescind its claim under 19 *Del. C.* § 1108(6), as it was not fully alleged in its complaint."[14]

4.      Superior Court Civil Rule 56(c) provides that summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[15] The

---

[8] *Id.*
[9] *Id.* Proposed Order.
[10] *Id.*
[11] D.I. 32.
[12] D.I. 40. As of the date of this order, no new counsel has entered an appearance on behalf of either defendant.
[13] D.I. 32.
[14] *Id.*
[15] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992).

3

moving party bears the initial burden of demonstrating that the undisputed facts support its claims or defenses.[16]  If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact to be resolved by the ultimate fact-finder.[17]

5.     Here, they parties agree that there is no genuine issue of material fact as to DOL's allegation that Site Work and Coker failed to provide a written statement showing wages due as required by 19 *Del. C.* § 1108(1).  The Court finds that DOL is entitled to judgment as a matter of law on that claim.  The Court does not enter summary judgment in favor of DOL as to its claim under 19 Del. C. 1108(6), since it was not adequately pled in the Complaint.  Further, the Court will defer assessing civil penalties until the matter is fully resolved.

**THEREFORE,** Defendant's Motion for Partial Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, J.

---

[16] *Moore v. Sizemore,* 405 A.2d 679, 681 (Del. 1979).
[17] *Brzoska v. Olson,* 668 A.2d 1355, 1364 (Del. 1995).

4

FWW
Superior Court of the State of Delaware
Leonard L. Williams Justice Center
500 North King Street, Suite 10400
Wilmington, DE 19801-3733
0203100

"Official Business, Penalty For Private Use $300"

Site Work Safety Supplies, Inc.
4020 Seven Hickories Road
Dover, DE 19904



Superior Court of the State of Delaware
Leonard L. Williams Justice Center
500 North King Street, Suite 10400
Wilmington, DE 19801-3733
0203100

"Official Business, Penalty For Private Use $300"

Peter Coker
c/o Site Work Safety Supplies, Inc.
4020 Seven Hickories Road
Dover, DE  19904